

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN THURMAN, | ) | |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10 C 5727 |
| | ) | Honorable Charles R. Norgle |
| BMO CAPITAL MARKETS CORP., | ) | |
|    Defendant. | ) | |

## OPINION AND ORDER

CHARLES R. NORGLE, District Judge:

On September 9, 2010, Plaintiff John Thurman ("Thurman"), filed a four-count complaint against Defendant BMO Capital Markets Corp. ("BMO"), alleging violations of the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601 et seq.; the Illinois Human Rights Act (IHRA), 775 ILCS 5/1-101 et seq.; and the Illinois Whistleblowers Act (IWA), 740 ILCS 174/1 et seq. Before the Court is Defendant's Motion to Dismiss under Rule 12(b)(6), which seeks to dismiss the FMLA count in part and the IWA count altogether. For the following reasons, the Motion is granted in part and denied in part.

## I. BACKGROUND

Thurman worked for BMO for about two decades, including at its Chicago office as an administrative assistant. It was there in August 2008 an assailant attacked Thurman with a piece of rebar. Thurman was struck in the head, causing a traumatic and lasting brain injury. Compl. 3; Pl.'s

Mem. of Law in Resp. to Mot. to Dismiss 2. After the attack, Thurman took two weeks of vacation and applied for and received short term disability. BMO notified Thurman on Nov. 13, 2008, that it was looking for his replacement. Thurman returned to work eleven days later. He encountered new job duties, no pay raise, and a smaller bonus. He filed a charge of discrimination with IHRA and the Equal Employment Opportunity Commission (EEOC) on Jan. 7, 2009. Later that month, Thurman visited an eye doctor on a work day after suffering symptoms of his brain injury. He left work at lunch and did not return that day. Thurman was never disciplined. On Feb. 3, 2009, Thurman was at work when he was called into a meeting and presented with a separation agreement by BMO. He did not sign the agreement. BMO terminated Thurman on Feb. 24, 2009. Thurman filed a discrimination charge March 13, 2009, with IDHR and EEOC.

Thurman alleges that after recovering and returning to work both his job duties and his pay changed. Although Thurman's job title of "administrative assistant" stayed the same, he was assigned to provide support services to six persons rather than the one person he worked for before taking leave. Compl. 5; Pl.'s Ex. A. Thurman alleges his work was also "more closely scrutinized" than that of peer colleagues' and "conditions were put upon him that were not placed on other similarly situated employees." Id. The peer colleagues are unidentified; the conditions are not specified. Thurman also alleges BMO "held [his FMLA leave] against him" in his 2008 performance review, leading to a smaller bonus and no raise. Pl.'s Mem. of Law in Resp. to Mot. to Dismiss 6. Thurman alleges that for two decades until the attack he met or exceeded BMO's expectations as an employee. Because of the injury, Thurman's ability to concentrate, think, communicate, and work is limited.

## II. ANALYSIS

### A. *Standard of Decision*

In a Rule 12(b)(6) motion two "easy-to-clear hurdles" confront the plaintiff. EEOC v. Concentra Health Serv., Inc., 496 F.3d 773, 776 (7th Cir. 2007) (interpreting Bell Atlantic Corp. v. Twombly). A plaintiff must describe the claim in detail sufficient to give the defendant fair notice of what the claim is and the grounds upon which it rests. Id. A plaintiff must also make allegations that plausibly suggest the plaintiff has a right to relief, raising the possibility above a "speculative level." Id. Otherwise a plaintiff pleads itself out of court. Id. We take the allegations of the complaint as true and draw all reasonable inferences in favor of the plaintiff to determine whether they state a claim for relief. See, e.g., Sprint Spectrum L.P v. City of Carmel, Ind., 361 F.3d 998, 1001 (7th Cir. 2004). The court decides not whether a plaintiff has a winning claim, see McCormick v. City of Chi., 230 F.3d 319, 323-26 (7th Cir. 2000), but merely assesses the sufficiency of the complaint, Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 508 (2002).

### B. *Family and Medical Leave Act*

FMLA is designed "not to supplant employer-established sick leave and personal leave policies, but to provide leave for more uncommon and, presumably, time-consuming events . . . with the assurance that an employee's job, or an equivalent one, would be waiting upon his or her return." Price v. City of Fort Wayne, 117 F.3d 1022, 1023 (7th Cir. 1997). FMLA allows an eligible employee suffering from a serious health condition to take an unpaid leave of absence for a period of up to twelve work weeks during a twelve month period. 29 U.S.C. § 2612(a)(1)(D); Smith v. Hope Sch., 560 F.3d 694, 699 (7th Cir. 2009). After the period of qualified leave expires and the

3

employee returns to work, he or she is entitled to be reinstated to his or her former position or an equivalent position with the same benefits. 29 U.S.C. § 2614(a). The FMLA establishes two categories of protection for employees, interference and retaliation. See King v. Preferred Tech. Growth, 166 F.3d 887, 891 (7th Cir. 1991). FMLA makes it unlawful for an employer to interfere with, restrain, or deny the exercise of or the attempt to exercise any FMLA rights. 29 U.S.C. § 2615(a)(1). FMLA prohibits an employer from retaliating against an employee who exercises FMLA rights. Id. § 2615(a)(2). The statute also bars retaliation against employees for taking part in proceedings brought to enforce rights protected under FMLA. Id. § 2615(b)(1)-(3).

Defendant moves to dismiss Plaintiff's § 2615(a)(1) and (b) claims for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

### 1. *FMLA Section 2615(a)(1)*

Section 2615(a)(1) makes it "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this chapter." Plaintiff alleges that Defendant failed to restore him to the same or equivalent position upon return from FMLA leave, a violation of § 2614(a)(1). Plaintiff alleges that after recovering and returning to work both his job duties and his pay changed. Plaintiff's job title of "administrative assistant" stayed the same, but was assigned to provide support services to six persons rather than one. Plaintiff's work was also "more closely scrutinized" than that of peer colleagues' and "conditions were put upon him that were not placed on other similarly situated employees." Id.

Plaintiff's allegations where not sketchy are conclusory. As to "equivalent" workplace duties Plaintiff alleges mere differences, not non-equivalency that would violate § 2614(a)(1). Reporting

4

to six persons rather than one could be equivalent if the amount and type of work is the same, as the continuity of job title suggests. Cf. Vasquez v. N. Ill. Hosp. Servs., No. 00-C-50100, 2002 WL 475185, at *1-2 (N.D. Ill. March 28, 2002). This numerical change is the only specific fact plaintiff alleges. But not everything that makes an employee unhappy is thereby actionable. Ribando v. United Airlines, Inc., 200 F.3d 507, 511 (7th Cir. 1999). The remaining allegations are conclusory. Simply reciting "scrutin[y]" and "conditions" without more fails to plausibly allege that Plaintiff's post upon return did not offer "substantially similar duties, conditions, responsibilities . . . and status." 29 C.F.R. § 825.215(e) (regulations implementing FMLA).

Plaintiff argues that he nevertheless states a § 2615(a)(1) claim because Defendant paid Plaintiff only half the bonus he received the prior year and did not give Plaintiff a raise. Under FMLA, "an equivalent position" requires pay be "virtually identical" to pre-leave pay. 29 C.F.R. § 825.215(a). This includes "any bonus or payment, whether it is discretionary or non-discretionary." Id. § 825.215(c)(2). "However, if a bonus or other payment is based on the achievement of a specified goal such as hours worked, products sold or perfect attendance, and the employee has not met the goal due to FMLA leave, *then the payment may be denied . . . .*" Id. (emphasis added). Plaintiff recites in conclusory fashion that Defendant "held [his FMLA leave] against him" in his 2008 performance review, accompanied by the smaller bonus and no raise. Pl.'s Mem. of Law in Resp. to Mot. to Dismiss 6. The problem is that Plaintiff's conclusory allegations describe behavior—failure to pay a bonus and failure to give a raise—expressly permitted by FMLA. Plaintiff alleges no fact–whether bonus amount, employer motive, or any other context whatsoever–to plausibly suggest conduct legal on its face was not. Cf. Barricks v. Eli Lilly & Co., 481 F.3d 556, 650 (7th Cir. 2007) (Title VII plaintiff who received smaller bonus must show context

5

demonstrating discrimination). "The plaintiff's pleading obligation is to avoid factual allegations 'so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled.'" Dooley v. United Indus. Corp., No. 10-cv-37-JPG, 2010 WL 3522807, at *6 (S.D. Ill. Sept. 2, 2010) (quoting Airborne Beepers & Video, Inc. v. AT & T Mobility LLC, 499 F.3d 663, 667 (7th Cir.2007)). Plaintiff indeed alleges Defendant "held" FMLA leave "against" Plaintiff. Yet this allegation is apparently a conclusion derived from the lack of a raise and curtailed bonus. But then the complaint is so sketchy the Court cannot really tell.

A complaint will not survive a 12(b)(6) attack unless it "contains enough detail, factual or argumentative, to indicate that the plaintiff has a substantial case." Limestone Dev. Corp. v. Vill. of Lamont, 520 F.3d 797, 803 (7th Cir. 2008) (citing Twombly). Plaintiff's allegations do not. They fail to crest a "speculative level" on both this issue and on Plaintiff's murky catch-all "interference" theory, also based on conclusory statements. The Court therefore grants Defendant's motion to dismiss Plaintiff's § 2615(a)(1) claim without prejudice and grants Plaintiff leave to amend.

### 2. FMLA § 2615(b)

Defendant also moves to dismiss Plaintiff's retaliation count under § 2615(b). Plaintiff alleges Defendant discriminated against and fired him for filing charges of discrimination with IDHR and EEOC. In the language of Plaintiff's charge, he expressly invokes "Family and Medical Leave." Pl.'s Ex. A, ¶ B.2. Under § 2615(b) it is

> unlawful for any person to discharge or in any other manner discriminate against any individual because such individual (1) has filed any charge, or has instituted or caused to be instituted any proceeding, under or related to this subchapter; (2) has given, or is about to give, any information in connection with any inquiry or proceeding relating to any right provided under this subchapter; or (3) has testified,

> or is about to testify, in any inquiry or proceeding relating to any right provided under this subchapter.

Defendant contends Plaintiff may proceed under § 2615(b) only by expressly stating an FMLA cause of action. Plaintiff filed complaints with IHDR and EEOC, but did not (at the time) initiate a proceeding stating an FMLA cause of action. Defendant argues this failure is dispositive. In contrast, Plaintiff interprets § 2615(b)(1)-(3)'s "or related to," "in connection with," and "relating to" language, respectively, to permit a § 2615(b) claim for retaliation over non-FMLA proceedings.

Plaintiff cites no case law in support of this theory. Defendant cites cases, though none in this Circuit, that Defendant reads to suggest § 2615(b) protects only claims brought directly under FMLA. The Court agrees with Plaintiff, in part. Section 2615(b)(2)-(3) protect participation in processes "relating to any right provided *under this subchapter*" (emphasis added). In contrast, § 2615(b)(1) protects filing a claim "under *or related to* this subchapter" (emphasis added). The Court observes that (b)(2) and (b)(3) could be read either way, but that (b)(1) could only reasonably be read to allow claims "related to" FMLA but which do not state an express FMLA cause of action. Defendant's argument that § 2615(b) protects activity only within the "literal confines" of the FMLA reads "or related to" out of § 2615(b)(1). In any case, the "literal confines" case Defendant cites concerns third-party spousal claims under § 2615(b)(2)-(3), not direct claims under § 2615(b)(1). See Elsensohn v. St. Tammany Parish Sheriff's Office, 530 F.3d 368, 373 (5th Cir. 2008).

It may be that § 2615(b)(2)-(3) protects only activities involving an express FMLA claim. The Court does not reach that issue. The Court simply finds that § 2615(b)(1) covers Plaintiff's activity, namely, filing a complaint expressly describing FMLA leave and alleging retaliatory discrimination. Courts in this Circuit follow this approach. In Aubuchon v. Knauf Fiberglass,

7

GMBH, a plaintiff who filed a union grievance alleging conduct that would violate FMLA, but without expressly alleging an FMLA cause of action, was "clearly engaged in protected conduct" under § 2615(b). 240 F. Supp. 2d 859, 871 (S.D. Ind. 2003); Aubuchon v. Knauf Fiberglass, GMBH, Appellant's Br., 2003 U.S. 7th Cir. Briefs LEXIS 140, at *5.

Under regulations implementing FMLA, persons "are protected from retaliation for opposing (e.g., filing a complaint about) any practice which is unlawful under the Act." 29 CFR § 825.220(e). The regulations do not require a complaint to expressly allege an FMLA cause of action. They simply protect the filing of complaints alleging conduct the FMLA outlaws. This reading also covers cases involving claims filed directly under FMLA. See Felix v. Sun Microsystems, Inc., No. Civ. JFM-03-1304, 2004 WL 911303, at *18 (D. Md. Apr. 12, 2004). The Seventh Circuit has observed that § 2615 protects employees "taking part in proceedings or inquiries *under the FMLA*." Goelzer v. Sheboygan Cnty., Wis., 604 F.3d 987, 992 (7th Cir. 2010) (emphasis added). But neither Goelzer nor Felix confine the scope of § 2615(b) to express FMLA causes of action.

The plain language of § 2615(b)(1) read with 29 C.F.R. § 825.220(e) protects from retaliation more than express FMLA claims, including claims alleging conduct FMLA outlaws. Plaintiff filed a charge of discrimination with state and federal agencies alleging he suffered discrimination after taking "Family and Medical Leave." Ex. A. Pursuant to 29 C.F.R. § 825.220(e), Plaintiff obviously "fil[ed] a complaint about" practices that would allegedly be unlawful under FMLA. Plaintiff has therefore stated a retaliation claim under § 2615(b)(1). Defendant's motion to dismiss Plaintiff's retaliation claim under § 2615(b) is denied.

## C. Illinois Whistleblower Act

Defendant also moves to dismiss Plaintiff's retaliation claim under IWA, which outlaws retaliation in several forms. See, e.g., 740 ILCS 174/15(a) (for reporting violations); 740 ILCS 174/20.1 (catch-all "other retaliation"). Defendant agues that Plaintiff's claim alleges conduct simultaneously prohibited by the IHRA, which provides an administrative remedy for claims brought thereunder, depriving state and federal courts alike of jurisdiction. See 775 ILCS 5/8-111(D).

The Illinois Supreme Court's decision in Blount v. Stroud controls the question here. Blount significantly revised Illinois law regarding IHRA preemption of civil rights claims. Blount v. Stroud, 904 N.E.2d 1, 12-16 (Ill. 2009). The Blount court held that a civil rights claim that could, in theory, arise under IHRA is not "preempted" if it was not "inextricably linked" to IHRA. Blount, 904 N.E.2d at 9-10. That is, a claim is independent of IHRA if it was stated without reference to the legal duties IHRA creates and instead referred to other statutes or common law. Id. Blount concerned a state court's jurisdiction to hear a federal civil rights claim not based on IHRA yet alleging behavior IHRA would outlaw. This case concerns a federal court's ability to hear a state civil rights claim not based on IHRA yet alleging behavior IHRA would outlaw. Defendant incorrectly argues this difference matters.

Blount anchors its reasoning not in the type of independent basis the civil rights claim asserts but whether there is an independent basis at all. Blount, 904 N.E.2d at 9-10. The presence of another source of legal duties the claim expressly invokes removes it from exclusive IHRA jurisdiction. Id.; see also Cochran v. BMA Mgmt., Ltd., No. 08-cv-215-DRH-CJP, 2009 WL 1372987, at *6 (S.D. Ill. May 15, 2009). Such a claim does not need the IHRA to satisfy its

elements and therefore IHRA administrative proceedings themselves lack jurisdiction to hear the claim. See Blount, 904 N.E.2d at 15-16. Here, Plaintiff invokes duties outlawing retaliation furnished by FMLA and, more overtly, by IWA. Compl. 1-2. Plaintiff need not and does not rely on IHRA as the source of the duties giving rise to the IWA retaliation claim (although, indeed, Plaintiff makes an IHRA retaliation claim in a separate count Defendant does not attack in its Motion). Under Blount the IWA claim may proceed. Defendant's motion to dismiss is denied.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is granted without prejudice with respect to Plaintiff's § 2615(a)(1) claim, and Plaintiff is granted leave to amend. Defendant's Motion is denied with respect to Plaintiff's § 2615(b) and IWA claims.

IT IS SO ORDERED.

ENTER:

_____
CHARLES RONALD NORGLE, Judge
United States District Court

DATED: 3-16-11